Robert CASARES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 844–86.

Court of Criminal Appeals of Texas, En Banc.

March 8, 1989.

Bobbi L. Blackwell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartman and Cathy Herasimchuk, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was found guilty by a jury of theft of a motor vehicle of a value of over $750.00 and under $20,000.00. TEX. PENAL CODE ANN. § 31.03 (Vernon Supp.1987). The jury also found the enhancement paragraph of the indictment to be true, and assessed punishment at eight years in the Texas Department of Corrections and a fine of $1,000.00.

The appellant's conviction was affirmed by the First Court of Appeals in a published opinion. *Casares v. State*, 712 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1986, pet. granted). In his petition for discretionary review the appellant first claims that the court of appeals erred in holding that a bill of exception should have been perfected to show what the testimony of two State's witnesses would have been on cross-examination. Second, the appellant claims that the court of appeals erred in holding that a constitutional error in the jury charge may not be raised for the first time on appeal.[1]

After further examining the appellant's petition for discretionary review and the court of appeals' opinion, we are now of the opinion that review as to the appellant's first ground for review was improvidently granted.

In his second ground for review, the appellant argues that the court of appeals erred in holding that the constitutionality of an error in the charge to the jury may not be raised for the first time on appeal. In the court of appeals, appellant argued that Article 37.07, § 4, V.A.C.C.P. (Supp. 1987), which required the trial court to give the jury a statutory instruction concerning a defendant's eligibility for parole and receipt of good conduct credit, is unconstitutional as a violation of both the separation of powers doctrine and due course of law. Responding to such claimed error, the court of appeals held that since the appellant failed to object to the charge on these grounds at trial he waived any error because the constitutionality of a statute may not be raised for the first time on appeal.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1987) (Court's Motion for Rehearing), we held that Article 37.07, § 4(a), V.A.C.C. P. (Supp.1987), was unconstitutional because it violates the separation of powers and the due course of law provisions of the Texas Constitution. We further held that in part because of *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr.App.1988), and its conclusion "that an unconstitutional statute is void from its inception and cannot provide a basis for any right or relief," *Rose v. State*, supra at 553, a defendant is relieved from objecting at trial in order to preserve such an error for appeal.

On the other hand, we also concluded that any error based upon a parole law jury instruction was subject to a harmless error analysis under *Tex.R.App.Pro.* Rule 81(b)(2).

Accordingly, as to the appellant's first ground for review it is dismissed. However, as to his second ground for review the court of appeals judgment is reversed and the cause remanded to that court for a harm analysis pursuant to *Tex.R.App.Pro.* Rule 81(b)2) and *Rose v. State*, supra.

CLINTON, J., concurs in result.

---

1. We will take this opportunity to again point out the proper method of subdividing and identifying the sections of a petition for discretionary review. Rule 202(d), *Tex.R.App.Pro.* states quite clearly that the petition for discretionary review "*shall* include the following ... (emphasis added) ..." *Id.* The rule continues by again rather clearly specifying the mandatory contents of the petition for discretionary review.

Included among those so identified is the section titled "Reasons for Review" [Rule 202(d)(5), *Tex.R.App.Pro.*] Contrary to what much of the bar seems to think, a "Reason for Review" is neither a "Ground for Review" or the "Argument." Further, the "Reasons for Review" should comport with requirements of Rule 200(c), *Tex.R.App.Pro.* as well as Rule 202(d)(5), *Tex.R.App.Pro.*