In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-297 CR


____________________



FRANCISCO GARZA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 24,748






MEMORANDUM OPINION


 Appellant Francisco Garza was indicted for sexual assault of a child. See Tex. Pen.
Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 2005). (1) The original indictment alleged Garza
was previously convicted of aggravated sexual assault of a child. See Tex. Pen. Code Ann.
§ 22.021 (Vernon Supp. 2005). On the day of trial, the State moved to amend the
enhancement paragraph of the indictment to allege Garza was previously convicted of
attempted burglary of a habitation rather than aggravated sexual assault of a child. The trial
court granted the State's motion to amend the indictment. The amended enhancement
paragraph lessened Garza's punishment exposure from a mandatory life sentence to life or
for any term of not more than ninety-nine years or less than five years. See Tex. Pen. Code
Ann. § 12.42(c)(2)(A)(i), (B)(ii) (Vernon Supp. 2005) (2) (A defendant shall be imprisoned for
life if he is convicted of an offense under section 22.011 and he has previously been
convicted of an offense under section 22.021.); Tex. Pen. Code Ann. § 12.32(a) (Vernon
2003) ("An individual adjudged guilty of a felony of the first degree shall be punished by
imprisonment in the institutional division for any term of not more than 99 years or less than
5 years."); Tex. Pen. Code Ann. § 30.02(c)(2) (Vernon 2003) (Burglary of a habitation is
a second-degree felony.); Tex. Pen. Code Ann. § 15.01(d) (Vernon 2003) (Criminal attempt
is "one category lower than the offense attempted."); Tex. Pen. Code Ann. § 12.42(a)(3)
(Vernon Supp. 2005) (3) ("If it is shown . . . on the trial of a third-degree felony that the
defendant has been once before convicted of a felony, on conviction he shall be punished for
a second-degree felony."). 

 Garza pled guilty, and he also pled "true" to the amended enhancement paragraph. (4)
Before accepting Garza's guilty plea, the trial court admonished him of the consequences,
including the range of punishment applicable to the offense charged and his waiver of the
right to appeal the guilt/innocence phase of the trial. The trial court also conducted a
sentencing hearing. During the sentencing hearing, the trial court informed Garza that he had
the right to appeal the punishment phase. The trial court accepted Garza's plea of guilty and
sentenced him to thirty-five years of confinement, which is within the statutory range of
punishment for the offense. See Tex. Pen. Code Ann. § 12.32(a) (Vernon 2003), § 12.42(b) (5)
(Vernon Supp. 2005). The trial court's judgment recites that the case is a "plea without a
recommendation from the State." 

 Garza's counsel has filed an Anders brief. Counsel's brief meets the requirements of
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a
professional evaluation of the record demonstrating why there are no arguable grounds to be
advanced. See also High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel
provided Garza with a copy of the brief. Garza then filed a pro se brief, in which he
contends he received ineffective assistance of counsel, the State "suppressed favorable
evidence from the court and the defendant in violation of appel[l]ant's due process," and the
State "withheld exculpatory evidence from the court." Finding no arguable error, we affirm.

 In his first issue, Garza argues trial counsel was ineffective because counsel advised
him to plead guilty when he had an affirmative defense. See Tex. Pen. Code Ann. §
22.011(e)(1), (2)(B) (Vernon Supp. 2005) ("It is an affirmative defense to prosecution under
Subsection (a)(2) that the actor was not more than three years older than the victim . . . and
the victim . . . was not a person whom the actor was prohibited from marrying or purporting
to marry or with whom the actor was prohibited from living under the appearance of being
married. . . ."). To prevail on a claim of ineffective assistance of counsel, Garza must show:
(1) counsel's performance fell below an objective standard of reasonableness, and (2) a
reasonable probability that, but for his counsel's unprofessional errors, the result would have
been different. See Strickland v. Washington, 466 U.S. 668, 687-88; 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 
"Appellate review of defense counsel's representation is highly deferential and presumes that
counsel's actions fell within the wide range of reasonable and professional assistance." Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Garza must prove there was no
plausible professional reason for specific acts or omissions of his counsel. See id. at 836. 
"Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d at 813
(citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). 

 At the time of the offense, the complainant was less than seventeen years old and
Garza was twenty-four years old. Furthermore, the amendment that added the language upon
which Garza relies did not become effective until September 1, 2005. See Act of May 29,
2005, 79th Leg., R.S., ch. 268, § 4.02, 2005 Tex. Gen. Laws 621, 714, 720. Garza
committed his offense on February 20, 2003. 

 In his second issue, Garza contends the State suppressed exculpatory evidence. The
evidence of which Garza complains concerned the complainant's alleged prior sexual activity
and the State's attempt to gather DNA evidence from other men to determine the paternity
of the complainant's child. "[R]eputation or opinion evidence of the past sexual behavior
of an alleged victim of such crime is not admissible." Tex. R. Evid. 412(a). Furthermore,
evidence of specific instances of the complainant's past sexual behavior is irrelevant because
the complainant, a minor, was incapable of giving consent. See Tex. R. Evid. 412(b); Reed
v. State, 991 S.W.2d 354, 361 (Tex. App.--Corpus Christi 1999, pet. ref'd) ("Consent is not
an issue where the charged offense is sexual assault of a child because a victim under
seventeen is legally incapable of consenting. . . ."). 

 In his third issue, Garza complains that the results of his polygraph test, which he
contends were exculpatory, were excluded from evidence. It is well settled that the results
of polygraph tests are not admissible for any purpose. Ross v. State, 133 S.W.3d 618, 625-26
(Tex. Crim. App. 2004); Tennard v. State, 802 S.W.2d 678, 683 (Tex. Crim. App. 1990)
(citing Nethery v. State, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985)). 

 We have determined that the appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record and find no reversible error. Garza is
free to file a petition for discretionary review raising error by this Court in the instant appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). The trial court's
judgment is affirmed. Appointment of new counsel is not required. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment of the trial court is affirmed.

 AFFIRMED.

 

 STEVE McKEITHEN

 Chief Justice

Submitted on April 14, 2006

Opinion Delivered May 24, 2006

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Because this subsection has not substantively changed since 1985, we cite the current
version. 
2. Because these subsections have not substantively changed since 1997, we cite the
current version.
3. Because this section has not substantively changed since its enactment in 1973, we
cite the current version.
4. At the plea hearing, the State recited, "[t]here is no plea bargain in this case." The
written admonishments also recite that no plea bargain existed. The trial court's certification
also states that no plea bargain exists and Garza has the right to appeal, yet the record
contains Garza's written waiver of his right to appeal. Both the Anders brief and Garza's pro
se brief maintain no plea bargain agreement existed. However, the State's appellate brief
recites as follows: "After plea bargaining, the indictment was amended to the charge of
Sexual Assault of a Child to benefit the Defendant by lessening his punishment range to life
or 5-99 years. . . ." Because the amended enhancement paragraph made a life sentence no
longer mandatory and gave Garza the possibility of serving as few as five years, we strongly
suspect that a plea bargain did in fact exist. However, we decline to so find because, with
the exception of the aforementioned assertion in the State's brief, the affirmative statements
in the record indicate otherwise. 
5. Because this section has not substantively changed since its enactment in 1973, we
cite the current version.