COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MAURICE RAY CORTEZ, | § | No. 08-11-00158-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | Criminal District Court Number One |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC#1195024D) |

## **O P I N I O N**

Appellant Maurice Ray Cortez appeals his conviction for aggravated sexual assault of a child by digital penetration of the female sexual organ. In a single issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

### PROCEDURAL BACKGROUND

Appellant was charged with two counts of aggravated sexual assault of a child (Count II and Count III) and one count of indecency with a child (Count IV). *See* TEX. PENAL CODE ANN. §§ 22.021(a)(2)(B), 21.11(a) (West 2011). Appellant entered a plea of not guilty to all charges. The jury found Appellant "not guilty" of Count II and "guilty" of Counts III and IV. The jury then assessed punishment at ten years' imprisonment for Appellant's aggravated sexual assault conviction and eight years' imprisonment for his indecency with a child conviction, but that

sentence was suspended and Appellant was placed on community supervision for a period of ten years. The trial court ordered that the sentences be served consecutively. This appeal followed.

## FACTUAL BACKGROUND

On December 29, 2009, "C.C." was taken to the emergency room by ambulance. Kristi Thogmartin was the primary nurse who cared for C.C. in the emergency room. Nurse Thogmartin testified that C.C. had reported that she had been drinking that night because she was sad. Based on the statements made by C.C. while at the hospital, Nurse Thogmartin called the on-call social worker and filed a CPS report.

At trial, C.C. testified that she was sixteen years old and was born on March 27, 1994. C.C. testified that she lived in Fort Worth with her grandmother, two sisters, her sister's three kids, and an uncle. C.C. stated that Appellant, her grandmother's brother, also stayed with them off and on. She testified that Appellant had molested her. When asked about her visit to the emergency room in December 2009, C.C. stated that she had a drinking problem, and explained that she chose to drink because she had problems in the past that were still affecting her. C.C. described those problems to include her mother being on drugs, her family being broken up, and having been molested.

C.C. testified that she first remembered Appellant doing something to her when she was in second or third grade when Appellant put his hands up her shorts, and touched her private area with his finger on the outside of her clothing. She stated that this was not the only time something had happened and that the abuse progressed from every other day to every night when Appellant would bring movies to her grandmother's house for movie night. C.C. also stated that Appellant went from touching her outside of her clothing to touching her inside of her clothing.

2

C.C. testified that on one occasion Appellant put his hands in her panties and inserted his finger in her vagina. Appellant's behavior continued. Appellant would fondle her, grab her butt, and comment on how much she had developed. C.C. explained that she was in the fourth grade when her chest started to develop and stated that Appellant would make comments about her body. C.C. testified that in the summer before she started the sixth grade, she awoke to find Appellant on top of her and that he tried to push his penis into her vagina. After this incident, C.C. decided to tell her family what had happened.[1] C.C. testified that the last time this occurred she was eleven or twelve. She remembered that at the time she was in sixth grade, and agreed that it would have been in 2005 or 2006.

Laura Ingram Taylor, C.C's aunt, testified that she remembered being called to CC.'s grandmother's house for a family meeting in August 2005, when C.C. was going into the sixth grade. She stated that C.C. was present at the meeting and that the family made the decision that Appellant could not come back to C.C.'s grandmother's house. On redirect, Ms. Taylor agreed that the subject of that family meeting was the reason they were now in court. At trial, Danita Montgomery, the daughter of C.C.'s grandmother and C.C's aunt, recalled being called to a family meeting in 2005 or 2006, when C.C. was in the sixth grade. Ms. Montgomery agreed the meeting at her mother's house was about something that had happened to C.C. She explained that by the time she arrived to her mother's house for the meeting the family had already decided what to do about Appellant. She testified that the decision had been made not to call the police and Appellant was not supposed to come around the house.

## DISCUSSION

---

[1] C.C. stated that after she told her family, her family held a meeting and decided that Appellant was no longer welcome in her grandmother's house. According to C.C.'s testimony this was the last time Appellant abused her.

3

**Sufficiency of the Evidence**

In his sole issue on appeal, Appellant challenges the sufficiency of the evidence to support the jury's conviction for aggravated sexual assault of a child.

*Standard of Review*

In a legal sufficiency review, we consider all the evidence in the light most favorable to the verdict, and determine whether a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). It is the responsibility of the jury to resolve conflicts in the testimony, to weigh the evidence, and to make reasonable inferences from the evidence. *Hooper*, 214 S.W.3d at 13; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury can accept or reject all or part of the evidence presented. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). On appeal, we do not reweigh the evidence and we do not substitute our own judgment for that of the jury. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Any evidentiary inconsistencies are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

*Applicable Law*

A person commits aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child under the age of fourteen by any means. TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i), (a)(2)(B) (West 2011). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault of a child. *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App. – Dallas 2002, pet. ref'd). Courts give wide latitude to the testimony given by child victims of sexual abuse. *See Newby v. State*, 252

4

S.W.3d 431, 436 (Tex. App. – Houston [14th Dist.] 2008, pet. ref'd). Moreover, children are not expected to testify with the "same clarity and ability as is expected of mature and capable adults." *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990).

*Analysis*

Appellant argues that the evidence is legally insufficient to support his conviction because there is no evidence that C.C. was under the age of fourteen at the time of the offense. We disagree. To prove the offense of aggravated sexual assault of a child, the State had to show that the offense occurred before C.C.'s birthday. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) (West 2011); *see also Reed v. State*, 991 S.W.2d 354, 358-59 (Tex. App. – Corpus Christi 1999, pet. ref'd).

C.C.'s testimony at trial recounted that C.C. was born on March 27, 1994, and that Appellant's abuse of C.C. started when she was in the second or third grade and continued until she was in the sixth grade. C.C. testified that Appellant stuck his finger into her vagina. After that, Appellant tried to push his penis inside of her vagina. C.C. was eleven or twelve, and in the sixth grade, when she decided to tell her family what had happened and after that the abuse stopped. Additionally, the jury also heard testimony from Ms. Taylor and Ms. Montgomery, C.C.'s aunts, stating that they recalled being called to a family meeting regarding what had happened to C.C. in 2005 or 2006, when C.C. was in the sixth grade.[2] Thus, based on the foregoing testimony and evidence, a rational jury was entitled to believe and could have reasonably concluded that C.C. was under the age of fourteen when Appellant put his finger inside of her vagina. *See Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App. – Houston [14th Dist.] 2008,

---

[2] We note that after being recalled to the stand, Ms. Taylor testified that she did not remember what day the family meeting was held and she did not really remember what year it took place. However, the jury was free to accept or reject all or part of the evidence presented. *Margraves*, 34 S.W.3d at 919.

no pet.) (child victim's testimony alone was sufficient to support aggravated sexual assault convictions, even though child used unsophisticated terminology and rough time frame of events, given her detailed description of the sexual contact); *Reed*, 991 S.W.2d at 360 (evidence legally and factually sufficient to support conviction for aggravated sexual assault of a child based on victim's testimony even though it was inconsistent).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that C.C. was under the age of fourteen when Appellant assaulted her. *See Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 13; *Bargas*, 252 S.W.3d at 888; *Reed*, 991 S.W.2d at 360. Accordingly, the evidence is sufficient to support Appellant's conviction for aggravated sexual assault of a child under the age of fourteen. *See* TEX. PENAL CODE ANN. § 22.021 (West 2011). Issue One is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

GUADALUPE RIVERA, Justice

April 17, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

6