

# NUMBER 13-24-00649-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SETH MICHAEL ADAME,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF SAN PATRICIO COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Pena and West**
**Memorandum Opinion by Justice West**

A jury convicted appellant Seth Michael Adame of cruelty to nonlivestock animals, a third-degree felony enhanced to a second-degree felony by a prior felony conviction, and he was sentenced to two years imprisonment. *See* TEX. PENAL CODE §§ 12.42(a), 42.092(c-1). By one issue, appellant argues the evidence was insufficient to support the jury's verdict. We affirm.

## I. BACKGROUND

Neal Smith testified that appellant is his daughter's ex-boyfriend, and the father of his grandchildren. In 2023, appellant began living on Smith's property. Smith maintained several birds in aviaries on the property, including a Moluccan Cockatoo named Timmy. Appellant was instructed on several occasions by Smith and Smith's son not to enter the aviaries or mess with the birds. However, appellant frequently did not listen.

One evening, appellant stayed up drinking. And the next morning, he approached Smith, staggering and slurring his words. Appellant had a facial injury and stated that "Timmy is not nice." Smith responded, "No, you know better. You don't do that . . . . Did you hurt my bird?" Appellant responded that he grabbed, squeezed, threw, stomped on, pushed, and twisted Timmy's head.

Smith informed his daughter that she and the grandchildren could stay at his property, but appellant had to leave. Smith went outside to check on his birds. He then heard appellant screaming at his daughter. He returned inside and told appellant "she didn't do this, you did." As Smith turned around, appellant grabbed him, held him from behind "to where [Smith] couldn't move," started "talking a bunch of stuff," and "pretty much spit" in Smith's face. Smith fell backward to get away from appellant.

Smith's daughter called police who responded. Law enforcement contacted appellant, and body camera footage shows appellant standing next to an empty liquor bottle stating, "Last night, the bird [expletive] bit me in the face. And I [expletive] cut off its head. And I buried it. Yeah." Law enforcement testified that it was clear appellant was intoxicated.

2

Smith testified that he found Timmy still alive (unburied and not decapitated), but Timmy died a short time later. Photos submitted to the jury depict Timmy's condition before and after the events at issue. The before photos show Timmy with intact feathers and the after photos show missing and disheveled feathers. The last photo shows Timmy lying stiff, upside down on a wood surface. A photo was also submitted depicting appellant's facial injury. The jury convicted appellant as stated above. This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

In a sufficiency review, we assess "the evidence in the light most favorable to the prosecution" and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "We presume the factfinder resolved any conflicting inferences in favor of the verdict, and we defer to that resolution." *Braughton v. State*, 569 S.W.3d 592, 607–08, 612 (Tex. Crim. App. 2018). "[T]he jury is the sole judge of the credibility of the witnesses and is free to accept or reject some, all, or none of the evidence presented by either side." *Herrera v. State*, 513 S.W.3d 223, 228 (Tex. App.—San Antonio 2016, no pet.). We do not sit as the thirteenth juror and are unable to substitute our judgment of that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

A person commits cruelty to nonlivestock animals "if the person intentionally, knowingly, recklessly, or with criminal negligence . . . tortures an animal or in a cruel manner kills or causes serious bodily injury to an animal . . . [or] without the owner's effective consent, kills, administers poison to, or causes serious bodily injury to an

3

animal." TEX. PENAL CODE § 42.092(b)(1-2). "Torture" includes any act that causes unjustifiable pain or suffering. *Id*. § 42.092(a)(8).

### III.   DISCUSSION

Appellant first argues that the evidence was insufficient to support his conviction because there was no necropsy, autopsy, or expert testimony related to Timmy's injuries and manner of death. However, expert testimony is generally not required to establish injury when the effects of the injury are obvious. *See Wade v. State*, 663 S.W.3d 175, 186 (Tex. Crim. App. 2022) (providing that "'serious bodily injury' may be established without a physician's testimony when the injury and its effects are obvious" and explaining a victim's lay testimony that she was attacked and stabbed coupled with records corroborating the injuries was sufficient); *see also Julian v. State*, No. 05-13-00913-CR, 2014 WL 3587387, at *2 (Tex. App.—Dallas July 21, 2014, no pet.) (rejecting appellant's argument that a necropsy or other medical evidence was needed to prove a kitten suffered "unjustifiable pain and suffering" where lay testimony provided the kitten was thrown, hit a drainpipe, screamed, whined, shook, appeared "broke up," and died). In this case, Smith testified that appellant told him he grabbed, squeezed, threw, stomped on, pushed, and twisted Timmy's head, and evidence indicated that Timmy passed away shortly afterwards. The jury also viewed bodycam footage of appellant's own admission that he killed Timmy. Therefore, expert testimony was not required to establish Timmy's injuries or manner of death. *See Wade*, 663 S.W.3d at 186; *see also Julian*, 2014 WL 3587387, at *2.

4

Appellant next complains that his statements to officers were made while inebriated, contained some objective inaccuracies, and there was no other eyewitness testimony related to his incident with Timmy. While appellant's statements that he cut off Timmy's head and buried him were contradicted by other evidence, the jury was free to reject such testimony while also accepting as true appellant's statements that he grabbed, squeezed, threw, stomped on, pushed, or twisted Timmy. *See Reed v. State*, 991 S.W.2d 354, 360 (Tex. App.—Corpus Christi–Edinburg 1999, pet. ref'd) (explaining the jury may "accept some portions of a witness' testimony and reject other portions"); *see also Cain v. State*, 958 S.W.2d 404, 409 (Tex. Crim. App. 1997) (explaining "intoxication bears on credibility, which is a matter reserved for the jury").

Having reviewed the evidence in this case, including, notably, the inculpatory statements made by appellant to Smith and law enforcement shortly after the incident, we hold that the evidence was legally sufficient to support the jury's verdict.[1] We overrule appellant's sole issue.

---

[1] Appellant also appears to argue that the evidence showed he was defending himself. However, the jury was not instructed on self-defense. Appellant does not cite to the record or otherwise purport that he preserved his entitlement to a self-defense instruction. *See Williams v. State*, 662 S.W.3d 452, 461 (Tex. Crim. App. 2021) ("A defendant cannot complain for the first time on appeal about the lack of a defensive instruction absent preservation of the error."). Moreover, appellant does not discuss or cite the legal source for his self-defense claim. The choice to seek defensive instructions involves trial strategy, *Posey v. State*, 966 S.W.2d 57, 63 (Tex. Crim. App. 1998) (explaining a defendant may not push a defensive instruction and "risk losing their credibility with the jury because the evidence raising the defense is so unworthy of belief"), and thus, such instructions are not law applicable to the case. *See Williams*, 662 S.W.3d at 461. As a result, the trial court is not obligated to include defensive instructions in the jury charge absent request, and Article 36.14 provides that preservation of objections to the jury charge "requires that the defendant either present his objections in writing or dictate them to the court reporter." *Id.*; *see also Jauregui v. State*, No. 04-09-00254-CR, 2010 WL 1997771, at *2 (Tex. App.—San Antonio May 19, 2010, pet. ref'd) (explaining appellant was unable to argue his actions were excused by self-defense on appeal where he never requested that the jury charge include a self-defense instruction). Thus, we do not reach appellant's self-defense claim where he never requested that the jury be so instructed.

## IV.   CONCLUSION

We affirm the judgment of the trial court.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of January, 2026.