Opinion issued December 18, 2008


 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00774-CR






GREGORY BRYAN MYERS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1085666






MEMORANDUM OPINION


 Appellant, Gregory Bryan Myers, appeals the jury's verdict that found him
guilty of aggravated sexual assault of a child. (1) The jury assessed his punishment at
7 years and 6 months in prison. In three points of error, appellant argues that (1) the
evidence is legally and factually insufficient to support his conviction and (2) his trial
counsel rendered ineffective assistance of counsel.

 We affirm.

Background


 The complainant, G.M., who was eight years old at the time of trial, testified
that she used to call her father "Daddy" but now she calls him by his first name
because of the bad things he did to her when she was between the ages of four and
six. The complainant used to spend weekends with appellant at his lake house or a
Motel 8. The complainant testified to an incident when appellant was rubbing his
"front private" on her leg and that his private touched her front privates. She also
testified that his private got stuck. She testified to another incident when appellant
touched her bottom with his finger and that he penetrated her bottom with his finger. 
She stated that it felt like appellant was trying to "dig out poo-poo." She also testified
to another incident in which she and appellant were in the shower together and that
his penis got stuck on her front private. When asked if his penis got stuck or if the
earring on his penis got stuck, she testified that she did not remember. The
complainant testified that she was afraid to tell anyone because appellant said he
would hurt her. 

 Betty Pollard, the complainant's mother, testified that on August 22, 2006 she
noticed that the complainant was on her hands and knees in the bathtub. The
complainant told her mother that her "daddy" makes her bathe this way at his house
and that appellant touched her in ways that made her feel uncomfortable. Ms. Pollard
testified that the complainant told her that when she would bathe at appellant's house,
appellant would close the clear curtain over the tub and he would stand at the door,
"playing with his penis." The complainant also told her mother about pornographic
movies that were watched. Ms. Pollard recalled that the complainant said that abuse
occurred at the Motel 8 in Humble and that appellant had "rubbed his penis on her
and described to me how the penis piercing that he had gotten caught o[n] her labia. 
And she called it her vagina lips is what she called it." When the complainant was
taken to Children's Assessment Center, she did not get medically examined. Ms.
Pollard testified that the complainant told her that she waited a few months to tell her
because appellant had threatened her. After the complainant got therapy, she told her
mother that appellant had "played with her bottom." Ms. Pollard recalled that the
complainant said that "it felt to her like he was sticking his finger in her bottom and
trying to dig out poop." 

 Ms. Pollard further testified that the complainant would cry when appellant
picked her up for scheduled visits and that she did not want to talk to appellant on the
phone. Ms. Pollard testified that CPS did not investigate the pornography incident
because G.M. was with her biological father. 

 Patricia Myers, appellant's mother, testified that the complainant never told her
that she was afraid of appellant or that any sexual abuse had occurred. Appellant did
not testify at trial.

 The jury found appellant guilty of aggravated sexual assault of a child, namely
that appellant intentionally or knowingly caused the complainant's sexual organ to
contact appellant's sexual organ.

Aggravated Sexual Assault


 In his first and second points of error, appellant argues that the evidence is
legally and factually insufficient to support his conviction.

Legal Sufficiency

 In determining the legal sufficiency of the evidence, we review the evidence
in the light most favorable to the verdict to determine whether any rational fact finder
could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). We may not re-weigh the
evidence or substitute our judgment for that of the fact finder. King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000). This standard of review is the same for
both direct and circumstantial-evidence cases. Fitts v. State, 982 S.W.2d 175, 185
(Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). If there is evidence that establishes
guilt beyond a reasonable doubt and the jury believes that evidence, the judgment
must be affirmed. Id.

 A person commits aggravated sexual assault of a child if the person
intentionally or knowingly causes the sexual organ of a child to contact or penetrate
the sexual organ of another person when the child is younger than 14 years of age. 
Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (a)(2)(B). 

 Here, the complainant testified to multiple instances of sexual assault,
including an incident in which appellant's penis came into contact with her sexual
organ when she was younger than 14 years of age. In sexual abuse cases, the
testimony of the child victim alone is sufficient to support the conviction. Tear v.
State, 74 S.W.3d 555, 560 (Tex. App.--Dallas 2002, pet. ref'd); Ruiz v. State, 891
S.W.2d 302, 304 (Tex. App.--San Antonio 1994, pet. ref'd). Viewing this evidence
in a light most favorable to the verdict, we conclude that a rational jury could have
found the elements of aggravated sexual assault of a child beyond a reasonable doubt.
 We overrule appellant's first point of error.

Factual Sufficiency

 In his second point of error, appellant argues that the evidence is factually
insufficient to support his conviction. Appellant argues that 

 The State did not bring any evidence of the following important
forensic matters: a medical examination of the child; any DNA or
forensic fluid test results; fingerprints at the alleged scene of the crime
in the motel; medical reports showing the alleged scars from the penis
ring getting snagged on the child's outer vaginal lips or medical
testimony to explain away the absence of such scarring due to curative
and healing elements of the vaginal and pubic tissue; photographic
evidence of any alleged scarring or damaged tissue relating to the
alleged penis ring snagging.

 

Appellant also argues that the complainant testified inconsistently at times and failed
to remember dates and locations of the assaults.

 Factual sufficiency analysis is broken down into two prongs. First, we must
ask whether the evidence introduced to support the verdict, although legally
sufficient, is so weak that the jury's verdict seems clearly wrong and manifestly
unjust. Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006) (quoting
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). Second, we must ask
whether, considering the conflicting evidence, the jury's verdict, although legally
sufficient, is nevertheless against the great weight and preponderance of the evidence. 
Id. at 415. In conducting this review, we view all of the evidence in a neutral light. 
Id. at 414. We are also mindful that a jury has already passed on the facts, and that
we cannot order a new trial simply because we disagree with the verdict. Id. What
weight to give contradictory testimonial evidence is within the sole province of the
jury because it turns on an evaluation of credibility and demeanor. Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997). Therefore, we must defer appropriately
to the fact finder and avoid substituting our judgment for its judgment, and we may
find evidence factually insufficient only when necessary to prevent manifest injustice. 
Id. at 407; see also Johnson, 23 S.W.3d at 12.

 The absence of physical evidence does not render the evidence factually
insufficient. "The lack of physical or forensic evidence is a factor for the jury to
consider in weighing the evidence." Lee v. State, 176 S.W.3d 452, 458 (Tex.
App.--Houston [1st Dist.] 2004), aff'd, 206 S.W.3d 620 (Tex. Crim. App. 2006). 
Here, the complainant testified to facts establishing that appellant committed
aggravated sexual assault. See Tex. Penal Code Ann. §§ 22.021, 22.011. 
Regardless of other testimony and evidence, the complainant's testimony alone was
all the jury needed to convict appellant. See Tinker v. State, 148 S.W.3d 666, 669-70
(Tex. App.--Houston [14th Dist.] 2004, no pet.). The jury was entitled to accept the
complainant's testimony. See id.; see also Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997); Lacy v. State, 899 S.W.2d 284, 287 (Tex. App.--Tyler 1995,
no pet.); Reed v. State, 991 S.W.2d 354, 360 (Tex. Crim. App. 1999). Semen and
DNA were not needed to corroborate the complainant's testimony. See Tex. Code
Crim. Proc. Ann. art. 38.07(a), (b) (Vernon 2005) (stating that conviction under
sections 22.011 and 22.021 of the Penal Code is supportable on uncorroborated
testimony of victim of sexual offense).

 Appellant's complaint that the complainant testified inconsistently likewise
does not render the evidence factually insufficient. It is within the sole province of
the jury to reconcile conflicts, contradictions, and inconsistencies in the evidence. 
Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). The jury is also the
judge of the credibility of the witnesses, and it is free to believe or disbelieve any
portion of a witness' testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim.
App. 1997); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 

 Here, the jury was presented with some inconsistent testimony from the
complainant concerning the location of the alleged sexual assaults, as well as the
exact date of the sexual assaults. The jury heard and considered the inconsistencies
in the testimony and determined that appellant was guilty of aggravated sexual
assault. Considering all of the evidence in the case, and deferring to the jury's role
as the sole judge of the weight and credibility given to witness's testimony, we are
unable to conclude that the inconsistencies in the testimony are enough to declare the
verdict factually insufficient.

 We overrule appellant's second point of error.

Ineffective Assistance of Counsel


 In his third point of error, appellant argues that his counsel rendered ineffective
assistance "by not calling witnesses beneficial to [appellant's] defense, objecting to
inadmissible testimony, or presenting any mitigating evidence during the punishment
phase. . . ." 

 The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington. 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984); Thompson v. State, 9 S.W.3d 808, 812-13 (Tex. Crim. App.
1999). Appellant must show both that (1) counsel's performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment and
(2) there is a reasonable probability that, but for counsel's error or omission, the result
of the proceedings would have been different, i.e., the error or omission is sufficient
to undermine confidence in the outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct.
at 2064-69. We must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. See Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any
allegation of ineffectiveness must be firmly founded in the record and the record must
affirmatively demonstrate the alleged ineffectiveness. Mallett v. State, 65 S.W.3d 59,
63 (Tex. Crim. App. 2001).

 On appeal, appellant concedes that the limited record does not support his
ineffective assistance challenge. We agree. Appellant did not file a motion for new
trial. As such, the record is not sufficiently developed to allow us to do more than
speculate as to the strategies of appellant's trial counsel. See Jackson, 877 S.W.2d
at 771. Thus, we cannot say that appellant was denied effective assistance of counsel
due to trial counsel's lack of presenting witnesses during the guilt-innocense phase,
objecting to outcry testimony, and requesting the trial court to conduct a hearing to
determine the reliability of a witness during the punishment stage. Appellant has a
more appropriate remedy in seeking a writ of habeas corpus to allow him the
opportunity to develop evidence to support his complaints. See Robinson v. State, 16
S.W.3d 808, 810 (Tex. Crim. App. 2000) (noting that post-conviction writ proceeding
is preferred method for gathering facts necessary to substantiate ineffective assistance
of counsel claim). Appellant's remedy is to file a writ of habeas corpus to create a
record of his counsel's strategy during the trial. See Tex. Code Crim. Proc. Ann.
art. 11.07 (Vernon Supp. 2008).

 We overrule appellant's third point of error.

Conclusion


 We affirm the judgment of the trial court.


 



 Evelyn V. Keyes

 Justice


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.4.
1. See Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon Supp. 2008).