**LuVerne TAYLOR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43394.**

Court of Criminal Appeals of Texas.

Jan. 27, 1971.

John M. Ille, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This appeal is from a conviction for robbery by assault. The punishment was assessed by the jury at life.

The record reflects that at approximately 8:00 p.m., appellant and another at gun point robbed a liquor store operated by Hezzie K. Reese on Old Spanish Trail in Houston. Several customers were also robbed and were forced to lie down on the floor. Some five eyewitnesses identified appellant as one of the robbers. The sufficiency of the evidence is not challenged.

The defense of alibi was rejected by the jury. Appellant testified that at 7:30 p.m. the night in question, he was at Alameda

Plaza some distance away from the liquor store on Old Spanish Trail and that he did not rob it. On cross-examination he testified that it would be possible for one to leave Alameda Plaza at 7:30 and be at the liquor store and rob it by 8:00 o'clock.

Johnny Wayne Connor testified that he had been fishing with the appellant on the day of the robbery and that they returned and were in Alameda at 7:30 p.m.

Lindsey Corkern testified that appellant came by and paid him some money at about 7:00 or 7:30 p.m. It was not shown how far this was from the scene of the robbery.

Appellant's sole contention is that reversible error was committed when the court in the presence of the jury advised Alvin Taylor, a defense witness who was brought in from jail, that he did not have to testify and anything that he said could be held against him for any offense concerning any statement that he might make.

It is not shown in the record if the witness was charged with this robbery or with some other offense.

No objection was made when the court warned the witness, but afterwards a motion for mistrial was made and overruled. The court instructed the jury not to consider the remarks of the court and the response of the witness.

The witness then testified that on the date of the robbery he, Connor and appellant returned from fishing to Alameda Plaza between 6:30 and 7:00 p.m. and that he was with appellant until about 7:30 p.m.

Appellant did not make his motion for mistrial until after the warning had been completed. Absent a timely objection nothing is presented for review. See Mason v. State, Tex.Cr.App., 459 S.W.2d 855, and the authorities there cited.

Even if a timely objection had been made, no reversible error would be shown.

The judgment is affirmed.