**Frances TEJERINA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–133–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 8, 1990.

Discretionary Review Refused
June 27, 1990.

---

Robert A. Hatcher, Seguin, for appellant.

Wiley L. Cheatham, Dist. Atty., Cuero, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Frances Tejerina, guilty of delivering cocaine and assessed as punishment fifty years' confinement in the Texas Department of Corrections, plus a $20,000.00 fine. By eight points of error, appellant complains of improperly admitted evidence, ineffective assistance of counsel, improper jury argument, and a fatally defective indictment, and that the trial court acted as counsel for a witness. We affirm.

The State's evidence shows that an undercover narcotics officer, Melvin Blake, went to the Antler's Inn Lounge and met with appellant. She told Blake that she had a twenty-five dollar paper to sell and Blake expressed an interest in purchasing the merchandise. She handed him a dollar bill containing .09 grams of cocaine, and he gave her twenty-five dollars in return.

Appellant testified that she did not recall this transaction and denied giving Blake a dollar bill containing any cocaine. She specifically denied that she ever sold Blake any kind of controlled substance.

By point six, appellant complains the trial court lacked jurisdiction because the indictment is fatally defective. The indictment states, in relevant part, that:

FRANCES TEJERINA on or about the 30th day of January, A.D. 1988, and anterior to the presentment of this Indictment, in the County and State aforesaid, did then and there unlawfully, knowingly and intentionally deliver by actual transfer, constructive transfer, and offer to

sell to MELVIN BLAKE, and possess with intent to deliver a controlled substance, to-wit: Cocaine, in an amount by aggregate weight, including any adulterants or dilutants, of less than 28 grams;

■ Appellant contends that since the indictment alleges several types of delivery, it fails to allege facts sufficient to give her notice of the particular offense for which she was to be tried. The appellate record, however, contains neither a motion to quash the indictment nor any other pretrial motion or exception sufficient to raise this complaint to the trial court. Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp. 1990), pertaining to indictments, states, in relevant part, that an accused "waives and forfeits the right to object to the defect" and "may not raise the objection on appeal or in any other postconviction proceeding" if he "does not object to [the] defect, ... of form or substance" before trial on the merits. Appellant failed to present her alleged indictment error to the trial court at pre-trial, she is, therefore, prohibited from raising this alleged error for the first time on appeal. *Tovar v. State*, 777 S.W.2d 481, 486 (Tex.App.—Corpus Christi 1989, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 1.14(b) (Vernon Supp.1990).

■ Even if appellant had filed a timely motion to quash, an indictment charging delivery of a controlled substance is not required to allege a single type of delivery; rather, all types of delivery can be alleged. *Conaway v. State*, 738 S.W.2d 692, 694 (Tex.Crim.App.1987); *Queen v. State*, 662 S.W.2d 338, 341 (Tex.Crim.App.1983). The instant indictment is not fatally defective for alleging more than one type of delivery.

By point seven, appellant complains the trial court erred in admitting State's exhibits one, two and three into evidence. State's exhibit one is a plastic bag containing the dollar bill and cocaine which Melvin Blake allegedly received from appellant. State's exhibit two is an envelope which contained State's exhibit one. Appellant objected to the admission of State's exhibits one and two on the grounds that the chain of evidence had not been established. The trial court overruled the objections and

admitted these exhibits into evidence. State's exhibit three is an envelope from a Department of Public Safety laboratory. This envelope was used to return State's exhibits one and two to the Goliad County Sheriff's Office. The trial judge admitted State's exhibit three into evidence without objection.

On appeal, appellant complains that the notations on State's exhibits one, two and three amount to prejudicial hearsay; therefore, the exhibits should not have been admitted into evidence. Appellant's trial objections pertaining to State's exhibits one and two, however, do not comport with her point of error raised on appeal. Therefore, nothing is preserved for our review. *Drew v. State*, 743 S.W.2d 207, 220 (Tex.Crim. App.1987). Appellant voiced no objection to State's exhibit three and has preserved nothing for our review. Tex.R.App.P. 52(a); Tex.R.Crim.Evid. 103(a)(1).

By point eight, appellant complains the trial court erred in acting as counsel for Jose Luis Garcia when it advised him about his right to testify and about appellant's right to have him testify. In the jury's absence, the trial judge advised Garcia, a defense witness under indictment, that he did not have to testify and anything that he said could be held against him for any offense concerning any statement that he might make. The trial court also informed Garcia that his attorney was not available to advise him whether to testify. The trial court told Garcia that his attorney's brother, who is also an attorney, notified the court that Garcia should not testify. Garcia refused to testify. No objection was made concerning these warnings given to Garcia. Absent a timely objection, nothing is presented to us for review. *Taylor v. State*, 462 S.W.2d 291, 292 (Tex.Crim.App. 1971); *Madrigal Rodriguez v. State*, 749 S.W.2d 576, 580 (Tex.App.—Corpus Christi 1988, pet. ref'd); Tex.R.App.P. 52(a); Tex. R.Crim.Evid. 103(a)(1).

■ Even if appellant had voiced a timely objection, no reversible error occurred. In *Taylor, supra,* the accused complained that reversible error occurred when the trial court in the jury's presence, advised a

defense witness about his Fifth Amendment rights. The Court of Criminal Appeals held that even if the accused had voiced a timely objection, no reversible error resulted. We hold, therefore, that the trial court did not commit reversible error by advising Garcia of his Fifth Amendment rights.

■ By points two and three, appellant complains that reversible error occurred because of the State's prejudicial, manifestly improper and harmful jury argument at the guilt/innocence phase and at the punishment phase of the trial. In all but one instance, appellant failed to make a timely objection and is complaining of the alleged errors for the first time on appeal. Generally, jury argument error is waived by the accused's failure to object or request an instruction to disregard. *Briddle v. State,* 742 S.W.2d 379, 390 (Tex.Crim.App.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 543, 102 L.Ed.2d 573 (1989). An exception arises, however, where the argument is so prejudicial that an instruction to disregard would not have cured the harm. *Romo v. State,* 631 S.W.2d 504, 505 (Tex.Crim.App. 1982); *see also Montoya v. State,* 744 S.W.2d 15, 37 (Tex.Crim.App.1987); *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988) (holding that the prejudicial effect of a direct reference to an accused's failure to testify normally cannot be cured by an instruction to disregard). In other words, unless the prosecutor's argument was so prejudicial that an instruction to disregard could not have removed its ill effects from the jury's mind, reversal will not result.

In its final summation during guilt/innocence, the State made the following remarks:

> I ask you to send her a message and anyone else out there who might be contemplating this same kind of activity, that you intend to protect our people, protect our citizens, and *our children* here in Goliad County. And the way to let her know that is to vote guilty on Verdict Form Number 1. (Emphasis appellant's.)

I'd just say this: From the evidence that you heard a verdict of not guilty would be *going against justice.* And that's all we're asking in this case. (Emphasis appellant's.)

> And I, frankly I'm thankful we've got some people like [Officer] Blake to go out there and do this job. It's a tough job. I'll be very frank with you, I don't think I could do it. The way I've lived and so forth, I think *if I went in one of those beer joints I might as well get me a red reflector with a battery on it and put it upon on my head and walk in because if I walked in there and said hey, how about selling me some cocaine, because when they saw me and my lifestyle they'd laugh at me and probable cut my throat* as soon as we got out in the shadows or something like that. (Emphasis appellant's.)

> And I submit to you, anybody that came in there by themselves and let it be known that they were wanting to buy, whether it be young, old, *school kids,* businessmen, or anybody else, she was ready to sell that cocaine to them for Twenty-five Dollars. (Emphasis appellant's)

> And if I have any regret in this case, if I didn't do something that I should have from your standpoint or if I did something that you didn't like, well I'm sorry because I would like to think I did everything I could to bring that dope seller to justice and put her someplace *so that some young citizen or high school student or other person will not be exposed to that sort of thing in the future.* (Emphasis appellant's.)

> And certainly if [Officer] Blake had gone over there and bought his insurance in a different name and some chance some of them found out about it, why we'd probably be hunting for somebody that cut his throat or something like that because they found out who he was. He not only wouldn't make a sale, but his life would have been in jeopardy.

Regarding this last statement, defense counsel had earlier argued the following:

> Mr. Blake, you know, has indicated well, he gives a false name for his insurance,

he gives certain information, he tells people certain things which is false. When do you start telling the truth? At what point? In other words, what justifies you to give false information? [1]

Appellant argues that these remarks attempt to convince the jury that the people demand a conviction. She also argues that these remarks attempt to portray her as a dangerous individual because she may commit a future crime involving children. We disagree.

The State's jury argument must fall into one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to defendant's argument, and (4) plea for law enforcement. *Briddle*, 742 S.W.2d at 389. Even when an argument exceeds the permissible bounds of these areas, it will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts that are harmful to the accused into the proceedings. *Everett v. State*, 707 S.W.2d 638, 640 (Tex.Crim.App.1986); *see Johnson v. State*, 649 S.W.2d 111, 118 (Tex. App.—San Antonio 1983), *aff'd*, 662 S.W.2d 368 (Tex.Crim.App.1984) (reversible error occurred when the prosecutor engaged in argument concerning an extraneous offense despite the lack of an objection).

In the instant case, the remarks amounted to a plea for law enforcement and a response to appellant's argument. Moreover, the remarks were not extreme or manifestly improper, violative of a mandatory statute, and they did not inject new facts that were harmful to appellant. We hold, therefore, that the State's remarks during guilt/innocence did not constitute reversible error.

In its final summation during the punishment phase, the State made the following remarks:

Now she took the stand, she asked you for probation, she asked you for probation not because of some reason she felt she was entitled to it other than the fact that her circumstances. I didn't hear her ever tell you she was sorry for what she did, just she wanted probation.

Again, too, I don't want you to feel sorry for her children. Surely we all have feelings, but I want you to remember *all the other children out there* in Goliad County, adults, too, that need to be protected from people like this and anyone else that might be inclined to sell dope out there on the street. They're the ones that you need to remember here today. These are the ones that you need to have compassion and feelings for.

I even question what type of person and mother she is if she's using drugs *and selling drugs on the street.* (emphasis appellant's).

Appellant contends that the State's argument concerning her failure to show remorse amounts to a comment on her failure to testify relevant to that matter. We disagree. In *Jones v. State*, 693 S.W.2d 406 (Tex.Crim.App.1985), the accused testified during guilt/innocence that he had acted in self-defense, and gave his version of the events that led to his arrest. At the punishment phase, he offered no testimony. During jury argument at the punishment phase, the State remarked, "The defendant hasn't indicated any remorse." *Jones*, 693 S.W.2d at 407. The Court of Criminal Appeals held that the State's argument did not amount to an impermissible comment on the accused's right to remain silent and on his failure to testify. In the instant case, appellant testified during guilt/innocence and during the punishment phase. We conclude, therefore, that the State's argument did not amount to a comment on appellants failure to testify concerning the issue of remorse.

Appellant also contends that the State's argument invites the jury to speculate about how the community would react if they were to assess probation instead of confinement in prison. The State may not suggest to the jury that the community at large expects or requires a particular verdict or punishment in a particu-

---

1. The evidence shows that Melvin Blake purchased insurance using the alias, Bob Parks.

lar case. *Cain v. State*, 549 S.W.2d 707, 717 (Tex.Crim.App.1977), *cert. denied*, 434 U.S. 845, 98 S.Ct. 149, 54 L.Ed.2d 111 (1977). The State, however, may inform the jury that they will speak for the community in assessing punishment, *Hicks v. State*, 545 S.W.2d 805, 810 (Tex.Crim.App. 1977); *see also Adams v. State*, 685 S.W.2d 661, 671 (Tex.Crim.App.1985) (proper to argue "ask yourselves what is the best for Dallas County"), and that they may protect the community by assessing a long sentence. *Williams v. State*, 575 S.W.2d 30, 33–34 (Tex.Crim.App.1979); *see also Barry v. State*, 700 S.W.2d 271, 274 (Tex.App.— Corpus Christi 1985, pet. ref'd) (permissible for prosecutor to argue both he and the jury have a duty to prevent crime). In the instant case, the State's remarks urge the jury to remain cognizant of the need to protect the community when assessing punishment. We conclude, therefore, that the State's remarks were not improper.

■ Appellant also complains of the following argument:

"... And we mentioned this Defendant's children. And I want to tell you that from what I've seen of her in this case, I think those children would be better off without her. What kind of mother is she making these children out selling dope? What kind of example is she making for those children? I think for them to try to come up and try to hide behind the kids is almost an insult as we had here. She had one of those kids before she ..."

Appellant objected to this last remark on the grounds that the State was injecting new facts into the case. She did not request an instruction to disregard or a mistrial. The trial court sustained the objection. We hold that the complained-of argument was not so prejudicial that an instruction to disregard could not have removed its ill effects, if any, from the jury's mind. *See Romo*, 631 S.W.2d at 505.

Appellant also maintains that the following comments fall outside the four general areas of permissible jury argument. 'She contends that these comments were so inflammatory that their prejudicial effect could not be removed from the jury by an instruction to disregard. We disagree. The remarks are as follows:

I'd just point out to you that the Sheriff said there he got a complaint that this Defendant was out bragging about how she was selling it ... But you see what kind of attitude she had before she got caught out bragging about it?

And *that's just one packet of cocaine that one of your children didn't get in this County. And I'm just thankful for that.* (Emphasis appellant's.)

I've been visiting with you folks now for a little over thirty years and I'm real proud of Goliad County as well as the other Counties that I have in my district and it just incenses me to see these people selling dope in any of the Counties I've got because it just tears my heart out *everytime I see some youngster that's gotten dope* because somebody like this Defendant gave it or sold it to them. (Emphasis appellant's.)

*Everyday in the newspaper you see where the youth of our nation is just flooded with this sort of stuff.* (Emphasis appellant's.)

You know, it's hard to catch them and once you catch them there's so many rules that are in their favor.

■ Some of these remarks remind the jury of the serious drug problem facing our nation and, therefore, imply that the jury should return a generous punishment. The State is allowed to argue to the jury that they may protect the community by assessing a lengthy prison sentence. *See Williams*, 575 S.W.2d at 33–34. The remaining comments relating to the rights of criminal defendants and appellant's alleged boastful behavior are not so inflammatory that their prejudicial effect, if any, could not be erased by an instruction to disregard. *See Romo*, 631 S.W.2d at 505. We hold, therefore, that the State's remarks during the punishment phase do not constitute reversible error.

■ By point four, appellant complains that the trial court erred in admitting reputation testimony based on hearsay. During

the punishment phase, the State called Sheriff McMahan as a witness. McMahan testified that appellant had a bad reputation in the community for being peaceable and law-abiding. On cross-examination, McMahan said that his testimony regarding appellant's reputation was based on what other people told him. Appellant did not lodge a hearsay objection to McMahan's testimony. As such, nothing is preserved for our review. Tex.R.App.P. 52(a); Tex.R. Crim.Evid. 103(a)(1). Nevertheless, even if appellant had voiced a hearsay objection, it is not required that a witness be personally acquainted with the accused for the witness's reputation testimony to be admissible. The witness's reputation testimony may be admitted if the witness's knowledge is based on his or her discussions with others who know the extent to which the accused is law-abiding and peaceable. *Pogue v. State,* 474 S.W.2d 492, 496–97 (Tex. Crim.App.1971); *Frison v. State,* 473 S.W.2d 479, 485 (Tex.Crim.App.1971). The fact that the discussion testimony is hearsay does not bar its admission on the issue of the accused's reputation. *Beecham v. State,* 580 S.W.2d 588, 590 (Tex.Crim.App. 1979).

By point five, appellant argues the trial court erred in allowing Sheriff McMahan to testify despite his presence in the courtroom during trial. During trial, appellant invoked the rule. The State requested that Sheriff McMahan be excluded from the rule because he was needed to assist the State. Appellant did not oppose McMahan's exclusion from the rule, and the trial court excluded him. Thereafter, McMahan testified during guilt/innocence and during the punishment phase. Appellant did not object that McMahan was testifying in violation of the rule. Nothing is preserved for our review. Tex.R.App.P. 52(a); Tex.R. Crim.Evid. 103(a)(1).

Although appellant failed to object, the trial court did not require the State to prove McMahan's exclusion was necessary. *See Aguilar v. State,* 739 S.W.2d 357, 358–59 (Tex.Crim.App.1987) and *Barnhill v. State,* 779 S.W.2d 890, 892 (Tex.App.—Corpus Christi 1989, no pet.). Because appel-

lant did not preserve error, we overrule the point.

By point one, appellant argues that defense counsel was ineffective at trial. The proper standard by which we gauge the adequacy of representation by counsel at the guilt/innocence stage was stated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted in Texas in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). The *Strickland* test requires a two-pronged analysis: (1) did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms, and (2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A "reasonable probability" was defined by the Supreme Court as "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Alfano v. State,* 780 S.W.2d 494, 495 (Tex.App.—Corpus Christi 1989, no pet.).

Appellant lists numerous instances throughout the trial process which she claims amount to ineffective assistance of counsel. Appellant, however, has failed to show from the totality of the evidence that a reasonable probability existed that but for trial counsel's alleged errors, the result of the trial would have been different.

In *Ex parte Cruz,* 739 S.W.2d 53, 59 n. 1 (Tex.Crim.App.1987), the Court of Criminal Appeals held that the second prong of *Strickland* is not applicable to the punishment stage of a trial. The Court stated that the standard stated in *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App. 1980), would be the standard on which the effectiveness of counsel would be judged. This is, "the sufficiency of an attorney's assistance is gauged by the totality of the representation of the accused." *Ex parte Cruz,* 739 S.W.2d at 58.

When reviewing the trial counsel's representation under *Duffy,* we must examine the "totality of the representation," which

includes the pretrial representation of the accused, the guilt/innocence stage of the trial and the punishment stage of the trial. *Ex parte Walker,* 777 S.W.2d 427 (Tex. Crim.App.1989). After reviewing the record as a whole, we conclude that trial counsel's representation of appellant, as it impacted the punishment phase of the trial, was "reasonably effective."

The judgment of the trial court is AFFIRMED.

BENAVIDES, Justice, concurring.

I concur with the result reached by the majority. I cannot agree, however, with the majority's opinion regarding appellant's contention, by point of error three, that the State improperly introduced extraneous matters in its jury argument during the punishment phase of trial. Appellant argues that the State's comments inflamed the jury such that the jury was prejudiced when sentencing her. The majority did not address appellant's complaint regarding the introduction of extraneous matters, but instead, simply dismissed the statements made by the prosecution as proper arguments for assessing a lengthy prison sentence and cited in support of its holding *Williams v. State,* 575 S.W.2d 30, 33–34 (Tex.Crim.App.1979).

The majority's reliance on *Williams* is misplaced. Rose and Robert Williams entered a store and assaulted a customer and an employee during the course of a robbery. The prosecutor argued to the jurors in *Williams* that the sentence that they handed down was to be a deterrent to crime and that a million people in the county were relying on the jurors to protect them "from the Rose and Robert Williams prowling the street...." *Williams,* 575 S.W.2d at 33–34. The prosecution did not argue facts outside of the record.

In this case, however, appellant specifically complains of two statements which the prosecutor made during jury argument which inferred that she sold drugs to children. Taken in context, the remarks are as follows:

[Y]ou don't know what a good Sheriff you've got—he had this man out there and that man got that little packet of cocaine. *And that's just one packet that one of your children didn't get* in this county.

I've been visiting with you folks now for a little over thirty years and I'm real proud of Goliad County as well as the other counties in my district and it just incenses me to see these people selling dope in any of the counties I've got because it just tears my heart out *everytime I see some youngster that's gotten dope because somebody like this defendant gave it or sold it to them.*

There was no evidence adduced during the guilt-innocence phase of trial or during the punishment phase that appellant sold drugs to children; appellant sold cocaine to an adult. Appellant was found guilty of one drug sale which took place in the bar at the Antler's Inn. There was no evidence that children frequented this bar or loitered outside the bar or near the bar. There was no evidence which would give rise to an inference that children purchased drugs in this bar or purchased drugs from appellant when she was working in this bar.

It does not follow that because appellant sold cocaine once to an adult in a bar and children live in the same town and county as the appellant, that appellant would have sold the packet of cocaine to one of those children or that appellant ever sold drugs to a child. These inferences, however, are those suggested to the jury by the prosecutor's statements, inviting the jury to speculate that appellant would have or did sell drugs to the children of Goliad County. Counsel in argument may draw from the facts in the evidence all inferences that are reasonable, fair, and legitimate. *Allridge v. State,* 762 S.W.2d 146, 156 (Tex.Crim. App.1988). It is impermissible for the prosecutor to call upon the jury to speculate as to other activities of the accused, not shown by the evidence, and to consider them in reaching a decision. *Walker v. State,* 664 S.W.2d 338, 340 (Tex.Crim.App. 1984). I do not regard the prosecutor's comments as reasonable deductions in light of all the evidence presented and consider them to be outside the record and imper-

missible. *See Allridge,* 762 S.W.2d at 156; *Walker,* 664 S.W.2d at 340–41.

Nonetheless, I would find that the complaint on appeal has been waived because appellant failed to object to the improper argument or request an instruction to disregard. *See Briddle v. State,* 742 S.W.2d 379, 390 (Tex.Crim.App.1987) *cert. denied,* — U.S. ——, 109 S.Ct. 543, 102 L.Ed.2d 573 (1989).

Although I recognize current public anti-drug sentiment and in particular the justifiable concern to protect children from the temptation of drug use, I do not believe that the prosecutor's suggestion that the appellant sold drugs to children created such a prejudice that it could not be removed by an instruction to disregard. Likewise, I believe the prosecutor's invitation to go outside the record is not so strong that it could not have been removed by a trial court's instruction to remain within the record. Any tendency to ignite the fire of prejudice in the minds of the jurors by the improper argument here would have been dampened by a direct instruction from the trial court to disregard the argument. In the light of appellant's failure to object at trial to the State's improper arguments, I must concur in the result reached by the majority.