**Lawrence Edward BURRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–92–00162–CR.**

Court of Appeals of Texas, El Paso.

July 21, 1993.

Jose A. Stewart, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Linda H. Green, Asst. Dist. Atty., Appellate Section, Dallas, for State.

Before OSBORN, C.J., and LARSEN and BARAJAS, JJ.

OPINION

LARSEN, Justice.

A Dallas County jury found Lawrence Edward Burrell guilty of aggravated robbery, habitualized, and assessed punishment at 45 years' in the Texas Department of Criminal Justice, Institutional Division. Urging one point of error, Burrell appeals.

**FACTS**

On May 22, 1991, around 1 a.m., complaining witness Wesley Pennington walked to a 7–Eleven convenience store near his apartment to call a cab. While walking he noticed a white Ford Mustang with a driver and passenger, both black males. As he waited for his taxi, Pennington was approached by a black man who put a gun in Pennington's face and demanded his money. Pennington gave him $43 which he had wadded in the front pocket of his pants. The man backed away from Pennington, still holding him at gun point. He got a clear look at the man

who robbed him, and described him as wearing a green and gold multi-colored shirt, jeans, green tennis shoes, and a gold earring. The robbery caused Pennington to fear for his life, or that he would be seriously injured.

Later that night, the police asked Pennington to identify two suspects whom the Mesquite Police Department had stopped at a gas station. Pennington identified one of the men, Lawrence Burrell, as the man who had robbed him at gun point; the suspect was still wearing the same clothing he had worn during the robbery. The other man had Pennington's $43, which the police returned to him.

A jury found Lawrence Burrell guilty of aggravated robbery based upon these facts. They also found that Burrell had been convicted of two prior felonies, and that he had exhibited a deadly weapon during the offense. The jury assessed punishment at 45 years in the penitentiary. Burrell appeals.

### JURY ARGUMENT AT PUNISHMENT PHASE

In his sole point of error, Mr. Burrell urges the prosecutor's argument at the punishment phase of trial contained error incurable by the trial court's instruction to disregard. The prosecutor argued for strict punishment based upon the proliferation of guns in our society:

> [Y]a'll can go back there and say folks, I've had it up to here. I've had it up to here with these young people running around in our country with guns.
>
> Taking over our schools, taking over our busses. I don't like that anymore. I don't like to be able to go to a restaurant at night scared for my family. You can go back there and say that because—
>
> .    .    .    .    .
>
> You can go back there and make a stand for law enforcement. You can go back there and make a stand for the people in your neighborhood. And we are going to ask you to do that. Ladies and gentlemen of the Jury, I know, I know from my Voir Dire that I have got a panel of 12 that

believes their verdict from a preponderance of the evidence [1] will make a difference in Dallas County.

If you sit in that jury and you look outside at the new Jail their building. Tell yourself what is the right thing to do. Give him a life sentence. Thank you.

Proper jury argument falls within four categories: (1) summary of the evidence; (2) reasonable deductions from the evidence; (3) response to arguments of opposing counsel; and (4) pleas for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App.1990). We find the prosecutor's argument about the rampant use of guns in our nation permissibly falls within the last category: a plea for law enforcement. The State may argue to the jury that they will speak for the community in assessing punishment, and that they may protect the community in assessing a long sentence. *Williams v. State*, 575 S.W.2d 30, 33–4 (Tex. Crim.App.1979); *Tejerina v. State*, 786 S.W.2d 508, 513 (Tex.App.—Corpus Christi 1990, pet. ref'd) (proper to remind jury of our nation's serious drug problem in assessing punishment for delivery of cocaine). We do not interpret the prosecutor's argument, as Appellant would have it, as urging the jury to punish Mr. Burrell for the crimes of society at large.

We also note that the trial court sustained defense counsel's objection to the "new jail" reference, and instructed the jury to disregard that remark. We do not find that this reference was so inflammatory that its prejudicial effect, if any, was not cured by the instruction to disregard. *Romo v. State*, 631 S.W.2d 504, 505 (Tex.Crim.App.1982); *Tejerina*, 786 S.W.2d at 511. We therefore overrule Mr. Burrell's sole point of error.

### CONCLUSION

Appellant has not shown reversible error in the trial of this cause. We affirm the judgment of the trial court.

---

1. No objection or appellate complaint was made regarding the prosecutor's mischaracterization of State's burden of proof.