NO. 07-09-00099-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



FEBRUARY
23, 2011

 



 

VICTOR D. WALLACE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 140TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2008-418,755; HONORABLE JIM BOB DARNELL, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

After a jury trial, appellant Victor
D. Wallace was convicted of indecency with a child and aggravated sexual
assault of a child.   Punishment for the
indecency with a child conviction was assessed at confinement for a period of
sixty years.  Punishment for the
aggravated sexual assault conviction was assessed at confinement for life.
Through three issues, appellant contends the evidence was legally and factually
insufficient to support his conviction and sentence for aggravated sexual
assault and argues the trial court erred in denying his motion for
mistrial.  We will affirm.

 

Background

Via a January 2008 indictment,
appellant was charged with aggravated sexual assault of a child.  In three separate counts, the indictment
alleged that on or about June 15, 2005, June 17, 2005 and June 15, 2006,
appellant Aintentionally and knowingly cause[d]
the penetration of the female sexual organ of [V.W.], a child not the spouse of
the said defendant, and who was then and there younger than fourteen (14) years
of age, by the said defendant=s finger.@ At trial, only the first and second
counts were submitted to the jury.  The
third was dismissed by the State after trial. 

 At the time of the report leading to appellant=s prosecution, V.W., appellant’s
daughter, was thirteen years old.  V.W.
and her twin brother lived with their grandmother.  Appellant came to live with them for the
first time when V.W. was twelve years old. 
V.W.=s grandmother reported the alleged abuse by appellant to CPS
after V.W. told her about it. V.W. subsequently reported appellant’s abuse to a
school counselor. In October 2006, V.W. was interviewed by a forensic
interviewer to whom she provided specific details about appellant=s acts and described several
instances of touching and sexual contact by appellant.  She indicated with her hands where appellant
touched her and what he did. She did not tell anyone appellant penetrated her
vagina with his finger.   

V.W. was sixteen years old at the
time of trial.  She testified in detail
how appellant touched her breasts and vagina and penetrated her vagina with his
fingers. On one occasion, she, appellant, V.W.=s twin brother, V.W.=s half-sister and her
uncle were in the living room watching a movie. 
V.W. became sleepy and appellant put a pillow on his lap and told her to
put her head on his lap.  V.W.=s brother and uncle were
asleep and her half-sister was not in the room. Appellant turned V.W. over so
that she was on her back.  Appellant
began feeling her breasts and unbuttoned her pants and put his hand down in her
pants.  He touched her breasts with his
hand under her clothes and bra and touched her vagina with his hand under jeans
and panties.  He rubbed her vagina with
his whole hand and went inside her vagina with his fingers, Amoving his hand around
and around@ in a circular
motion.  She got up, left the room, and
went to bed.  She was upset and crying
but no one saw her and she did not think appellant knew she was upset.  V.W. also described several other instances
of touching and sexual contact by appellant. 


Lubbock Police detectives interviewed
appellant twice in December 2006. 
Appellant first provided a statement in which he indicated the twins
lived with him and his girlfriend for a short time.  He denied ever touching V.W.=s breasts or vagina.  He said he saw V.W. only once after the
allegations were made and she hugged him and acted happy to see him.  In his second statement, appellant told of
one occasion on which he and V.W. were wrestling and he became sexually
aroused.  He thought V.W. was aware of
his erection because she gave him an odd look. 
V.W. denied this happened and testified she and appellant never
wrestled.  Members of appellant=s family testified to wrestling and
roughhousing among appellant, his twins, and his oldest daughter but none
recalled an incident like that described in appellant’s second statement.

After hearing the evidence presented,
the jury found appellant guilty of the lesser-included offense of indecency
with a child on the first count and guilty of aggravated sexual assault as
charged in the second count of the indictment. 
This appeal followed.

Analysis

Sufficiency of the Evidence

In appellant=s first two points of error, he
contends the evidence was legally and factually insufficient to support his
conviction for aggravated sexual assault. 
He argues the only evidence supporting the conviction is V.W.=s testimony and no evidence
corroborates that testimony.

Since appellant’s brief was filed,
the Texas Court of Criminal Appeals decided Brooks
v. State, 323 S.W.3d 893 (Tex.Crim.App.
2010).  In that
case, the court determined the sufficiency of the evidence should be reviewed
only under the standard set forth in Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979).  We will therefore
review the evidence in a light most favorable to the verdict for appellant’s
sufficiency claim.[1]

In reviewing issues of legal
sufficiency, an appellate court views the evidence in the light most favorable
to the verdict to determine whether, based on that evidence and reasonable
inference therefrom, a rational jury could have found
each element of the offense beyond a reasonable doubt.  Brooks,
323 S.W.3d at 902; Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192,
197 (Tex.Crim.App. 2001), citing Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979).  If, given all of the
evidence, a rational jury would necessarily entertain a reasonable doubt of the
defendant=s guilt, due process requires that we
reverse and order a judgment of acquittal. 
Swearingen, 101 S.W.3d at 95, citing Narvaiz
v. State, 840 S.W.2d 415, 423 (Tex.Crim.App.
1992), cert. denied, 507 U.S. 975,113 S.Ct.
1422, 122 L.Ed.2d 791 (1993).

To prove aggravated
sexual assault, the State must show (1) appellant intentionally or knowingly
(2) caused the penetration of the anus or sexual organ of a child by any means
and (3) the child was younger than fourteen years of age.  Tex. Penal Code Ann. §
22.021 (West 2003).  Under Texas
law, the uncorroborated testimony of a child victim,[2]
standing alone, is sufficient to support a conviction for aggravated sexual
assault under Section 22.021. Tran v. State, 221 S.W.3d 79, 88 (Tex.App.BHouston
[14th Dist.] 2005, pet. ref=d); Jensen v. State, 66 S.W.3d 528, 533-34 (Tex.App.—Houston
[14th Dist.] 2002, pet. ref’d).  Appellant does not contest the age of V.W. so
it is only the first two elements that are at issue here. 

Appellant specifically
argues the State failed to prove he penetrated V.W. and contends the evidence
is insufficient because no evidence was presented to corroborate V.W.’s
testimony.[3]  V.W. testified to each of the elements of
aggravated sexual assault.  There is no
requirement that physical, medical, or other evidence be proffered to
corroborate the victim's testimony. See Tex. Code
Crim. Proc. Ann. art. 38.07 (West 2005); Garcia v. State, 563
S.W.2d 925, 928 (Tex.Crim.App. 1978) (concluding that
victim's testimony alone is sufficient evidence of penetration in prosecution
for aggravated rape, without medical, physical, or other evidence); Sandoval
v. State, 52 S.W.3d 851, 854 n.1 (Tex.App.BHouston
[1st Dist.] 2001, pet. ref'd)
(stating that medical evidence and corroborating testimony were not necessary
to support conviction for aggravated sexual assault of a child). See also Rodriguez v. State, 819 S.W.2d 871, 873 (Tex.Crim.App.
1991); Kimberlin v. State, 877 S.W.2d
828, 831 (Tex.App.‑Fort Worth 1994, pet. ref'd) (child victim's outcry statement alone can be
sufficient to sustain a conviction for aggravated sexual assault).  Accordingly, the evidence is legally
sufficient to support appellant=s conviction for aggravated sexual assault. Tran, 221 S.W.3d at 88;
Grays v. State, No. 14-07-00742-CR, 2008 WL
2746078, *3 (Tex.App.BHouston
[14th Dist.] July 15, 2008, pet. ref=d) (mem.
op., not designated for publication).

Appellant next contends
several witnesses living in the residence at the time of the alleged assaults
testified to the presence of several people during the time of the assaults,
casting doubt on V.W.’s testimony.  Several
members of appellant’s family and a former girlfriend testified there was never
an occasion for appellant to be left alone with V.W. The jury also was
presented with some possibly inconsistent testimony from V.W. and other
relatives concerning the details of the alleged sexual assaults, and testimony
that the assaults took place variously at the apartment where appellant lived
with his girlfriend and at the grandmother’s home.  Appellant argues this testimony renders the
evidence insufficient.  

Appellant also challenges
the evidence supporting the contention that he penetrated V.W.’s vagina with
his finger.  He points to V.W.=s prior statements that
indicated appellant only touched her. Appellant’s mother testified V.W. told
her appellant touched her breasts and put his hands in her panties but did not
penetrate her.  A private practice doctor
in Lubbock testified of her assessment of V.W., conducted in February 2008, in
which V.W. described her allegations against appellant specifically and
provided examples of the abuse.  V.W.
never told the doctor appellant penetrated her vagina with his fingers.  However, V.W. did testify in detail at trial
as to appellant=s penetration of her
vagina with his finger.

The jury was free to
believe or disbelieve any portion of the testimony and, as evinced by the
verdicts, chose to believe the version of the events expressed by V.W. at
trial.  See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App.
1997).  See also Sharp v. State,
707 S.W.2d 611, 614 (Tex.Crim.App. 1986) (the trier
of fact may believe witness even though his testimony is contradicted); Reed v. State, 991 S.W.2d 354, 360 (Tex.App.—Corpus
Christi 1999, pet. ref’d) (noting conflicts
between victim’s trial testimony and prior statements are matters for the jury
to reconcile).  The
jury heard and considered the potential inconsistencies in the testimony and
determined that appellant was guilty of one count of aggravated sexual assault
and one count of indecency with a child. Considering all of the evidence in the
case, and deferring to the jury's role as the sole judge of the weight and
credibility given to witness testimony, we cannot conclude that the perceived
inconsistencies in the testimony make the jury’s findings irrational. We
overrule appellant=s second issue.

Appellant=s Motion for Mistrial

In appellant=s last issue, he argues
the trial court erred in denying his motion for mistrial.  He argues the State improperly referenced
community sentiments and expectations regarding appellant in its closing
statement on punishment and these statements improperly influenced the jury in
such a way that the court=s instruction to
disregard could not cure it.  We find no
merit to the contention, and overrule it.

In its closing punishment
argument, the State asked the jury to sentence appellant to life in prison.
After pointing out that appellant began his abusive acts against his daughter
just after his release from prison and arguing that appellant’s family members
failed to protect her from his conduct, the State further argued, AThere is only one way to
make sure that our community is protected from a man like that.@  Appellant objected to the statement as an Aimproper reference to
community sentiments and expectations.@  The trial
court sustained the objection.  Appellant
asked the court to instruct the jury to disregard the argument and the court
did so. Appellant moved for a mistrial. 
The court denied his request. 

The denial of a motion
for mistrial is reviewed under the standard of abuse of discretion.  Webb v. State, 232
S.W.3d 109, 112 (Tex.Crim.App. 2007); Lusk v.
State, 82 S.W.3d 57, 60 (Tex.App.BAmarillo
2002, pet. ref=d), citing Trevino v. State, 991 S.W.2d
849, 851 (Tex.Crim.App. 1999).  A trial court does not abuse its discretion
when its decision is at least within the zone of reasonable disagreement.  Wead v. State, 129 S.W.3d 126, 129 (Tex.Crim.App.
2004); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1990) (op. on reh=g).


An instruction by the
trial court to disregard improper statements will usually cure error.  Phillips v. State,
130 S.W.3d 343 (Tex.App.BHouston
[14th Dist.] 2004), aff=d 193 S.W.3d 904 (Tex.Crim.App. 2006), citing Campos v. State, 589
S.W.2d 424, 428 (Tex.Crim.App. 1979).  When the trial court instructs a jury to disregard,
we presume the jury follows the trial court=s instructions.  
Waldo v. State, 746 S.W.2d 750, 752-53 (Tex.Crim.App. 1988). 
However, if the error is extremely prejudicial and cannot be withdrawn
from the juror=s minds, the trial court
should declare a mistrial.  Lusk, 82 S.W.3d at 60. 
Accordingly, a mistrial is appropriate only when the event is Aso emotionally
inflammatory that curative instructions are not likely to prevent the jury from
being unfairly prejudiced against the defendant.@  Id. at 60.

To be permissible, the
State's jury argument must fall within one of the following four general areas:
(1) summation of the evidence presented at trial; (2) reasonable deduction
drawn from that evidence; (3) answer to the opposing counsel's argument; or (4)
a plea for law enforcement. Jackson v. State, 17
S.W.3d 664, 673 (Tex.Crim.App. 2000).  It is improper for a prosecutor, during
closing argument, to attempt to induce the jury to give a specific punishment
to a defendant because the community desires or expects a certain punishment. See
Borjan v. State, 787 S.W.2d 53,
56 (Tex.Crim.App. 1990). A prosecutor does not
necessarily make an improper appeal to the community's desires just by
referring to the community during argument. Rivera v.
State, 82 S.W.3d 64, 69 (Tex.App.BSan
Antonio 2002, pet. ref'd); York
v. State, 258 S.W.3d 712, 719 (Tex.App.B Waco
2008, pet. ref=d).

If the trial court erred
in its ruling on appellant’s objection, it erred on the side of caution and in
appellant’s favor.[4]
 The prosecutor’s statement did not
ask the jury to assess a punishment that the community would desire or expect.
It constituted argument drawn from the evidence and a proper plea for law
enforcement. See, e.g., Bell v. State, 724 S.W.2d 780, 801‑02 (Tex.Crim.App. 1986) (comment urging jury to Aremember and think about
how [friends and neighbors] will ask you at the end of case when it's all over@ did not Aassert or imply that the
community demands or expects a conviction@); Hawkins v. State, 278 S.W.3d 396, 405 (Tex.App.BEastland 2008, no pet.) citing
Cortez v. State, 683 S.W.2d 419, 421 (Tex.Crim.App.1984) (argument
is proper plea for law enforcement if it asks the jury to be the voice of the
community, instead of asking it to lend its ear to the community); Burrell
v. State, 860 S.W.2d 588, 589 (Tex.App.BEl Paso
1993, no pet.) (proper for the State to argue that the
jury will speak for the community and that the jury may protect the community
in assessing a long sentence).  If the
argument was improper, its harm was cured by the court’s instruction.
Accordingly, the trial court correctly denied appellant=s request for a mistrial.


Having overruled each of
appellant=s three issues, we affirm
the judgment of the trial court.

James T. Campbell

Justice

Do not publish.

 

 

 











[1] The previously-applied factual
sufficiency standard considers whether the evidence supporting guilt, though
legally sufficient, is so weak that the jury's verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury's
verdict is against the great weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d
273, 283 (Tex.Crim.App. 2008); Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App.
2006). Under that standard, the ultimate question is whether,
considering all the evidence in a neutral light, the jury was rationally
justified in finding guilt beyond a reasonable doubt. Grotti, 273
S.W.3d at 283. Even had we applied such a standard to review of the
evidence, we could not sustain appellant's contention. From our review of the
entire record, the finding of appellant's guilt was neither
clearly wrong and manifestly unjust nor against the great weight and
preponderance of the evidence.

 





[2] 
Under
both Penal Code §§ 22.011(c)(1) and 22.021(C)(1), a
child is defined as a person younger than seventeen years of age who is not the
spouse of the defendant.  See Tex.
Penal Code Ann. §§ 22.011(c)(1) and 22.021(C)(1) (West
2003).





[3] 
V.W. twice refused a Acare
exam@
because she felt uncomfortable having someone look at her.  A sexual assault nurse examiner testified she
believed V.W. was Afearful that the exam was
going to hurt her.@   

 





[4]
The trial court
may well have agreed with the observations of others that a prosecutor who in
argument refers to the people of the county resembles one “tiptoeing in a mine
field.” Cortez v. State,
683 S.W.2d 419, 420 (Tex.Crim.App. 1984).