NO. 07-09-00099-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
FEBRUARY 23, 2011
--------------------------------------------------------------------------------

 
 VICTOR D. WALLACE, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2008-418,755; HONORABLE JIM BOB DARNELL, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
 
After a jury trial, appellant Victor D. Wallace was convicted of indecency with a child and aggravated sexual assault of a child. Punishment for the indecency with a child conviction was assessed at confinement for a period of sixty years. Punishment for the aggravated sexual assault conviction was assessed at confinement for life. Through three issues, appellant contends the evidence was legally and factually insufficient to support his conviction and sentence for aggravated sexual assault and argues the trial court erred in denying his motion for mistrial. We will affirm.
 
 Background
Via a January 2008 indictment, appellant was charged with aggravated sexual assault of a child. In three separate counts, the indictment alleged that on or about June 15, 2005, June 17, 2005 and June 15, 2006, appellant intentionally and knowingly cause[d] the penetration of the female sexual organ of [V.W.], a child not the spouse of the said defendant, and who was then and there younger than fourteen (14) years of age, by the said defendants finger. At trial, only the first and second counts were submitted to the jury. The third was dismissed by the State after trial. 
 At the time of the report leading to appellants prosecution, V.W., appellant's daughter, was thirteen years old. V.W. and her twin brother lived with their grandmother. Appellant came to live with them for the first time when V.W. was twelve years old. V.W.s grandmother reported the alleged abuse by appellant to CPS after V.W. told her about it. V.W. subsequently reported appellant's abuse to a school counselor. In October 2006, V.W. was interviewed by a forensic interviewer to whom she provided specific details about appellants acts and described several instances of touching and sexual contact by appellant. She indicated with her hands where appellant touched her and what he did. She did not tell anyone appellant penetrated her vagina with his finger. 
V.W. was sixteen years old at the time of trial. She testified in detail how appellant touched her breasts and vagina and penetrated her vagina with his fingers. On one occasion, she, appellant, V.W.s twin brother, V.W.s half-sister and her uncle were in the living room watching a movie. V.W. became sleepy and appellant put a pillow on his lap and told her to put her head on his lap. V.W.s brother and uncle were asleep and her half-sister was not in the room. Appellant turned V.W. over so that she was on her back. Appellant began feeling her breasts and unbuttoned her pants and put his hand down in her pants. He touched her breasts with his hand under her clothes and bra and touched her vagina with his hand under jeans and panties. He rubbed her vagina with his whole hand and went inside her vagina with his fingers, moving his hand around and around in a circular motion. She got up, left the room, and went to bed. She was upset and crying but no one saw her and she did not think appellant knew she was upset. V.W. also described several other instances of touching and sexual contact by appellant. 
Lubbock Police detectives interviewed appellant twice in December 2006. Appellant first provided a statement in which he indicated the twins lived with him and his girlfriend for a short time. He denied ever touching V.W.s breasts or vagina. He said he saw V.W. only once after the allegations were made and she hugged him and acted happy to see him. In his second statement, appellant told of one occasion on which he and V.W. were wrestling and he became sexually aroused. He thought V.W. was aware of his erection because she gave him an odd look. V.W. denied this happened and testified she and appellant never wrestled. Members of appellants family testified to wrestling and roughhousing among appellant, his twins, and his oldest daughter but none recalled an incident like that described in appellant's second statement.
After hearing the evidence presented, the jury found appellant guilty of the lesser-included offense of indecency with a child on the first count and guilty of aggravated sexual assault as charged in the second count of the indictment. This appeal followed.
 Analysis
Sufficiency of the Evidence
In appellants first two points of error, he contends the evidence was legally and factually insufficient to support his conviction for aggravated sexual assault. He argues the only evidence supporting the conviction is V.W.s testimony and no evidence corroborates that testimony.
Since appellant's brief was filed, the Texas Court of Criminal Appeals decided Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010). In that case, the court determined the sufficiency of the evidence should be reviewed only under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We will therefore review the evidence in a light most favorable to the verdict for appellant's sufficiency claim.
In reviewing issues of legal sufficiency, an appellate court views the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inference therefrom, a rational jury could have found each element of the offense beyond a reasonable doubt. Brooks, 323 S.W.3d at 902; Swearingen v. State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, given all of the evidence, a rational jury would necessarily entertain a reasonable doubt of the defendants guilt, due process requires that we reverse and order a judgment of acquittal. Swearingen, 101 S.W.3d at 95, citing Narvaiz v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992), cert. denied, 507 U.S. 975,113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).
To prove aggravated sexual assault, the State must show (1) appellant intentionally or knowingly (2) caused the penetration of the anus or sexual organ of a child by any means and (3) the child was younger than fourteen years of age. Tex. Penal Code Ann. § 22.021 (West 2003). Under Texas law, the uncorroborated testimony of a child victim, standing alone, is sufficient to support a conviction for aggravated sexual assault under Section 22.021. Tran v. State, 221 S.W.3d 79, 88 (Tex.App.Houston [14[th] Dist.] 2005, pet. refd); Jensen v. State, 66 S.W.3d 528, 533-34 (Tex.App. -- Houston [14[th] Dist.] 2002, pet. ref'd). Appellant does not contest the age of V.W. so it is only the first two elements that are at issue here. 
Appellant specifically argues the State failed to prove he penetrated V.W. and contends the evidence is insufficient because no evidence was presented to corroborate V.W.'s testimony. V.W. testified to each of the elements of aggravated sexual assault. There is no requirement that physical, medical, or other evidence be proffered to corroborate the victim's testimony. See Tex. Code Crim. Proc. Ann. art. 38.07 (West 2005); Garcia v. State, 563 S.W.2d 925, 928 (Tex.Crim.App. 1978) (concluding that victim's testimony alone is sufficient evidence of penetration in prosecution for aggravated rape, without medical, physical, or other evidence); Sandoval v. State, 52 S.W.3d 851, 854 n.1 (Tex.App.Houston [1st Dist.] 2001, pet. ref'd) (stating that medical evidence and corroborating testimony were not necessary to support conviction for aggravated sexual assault of a child). See also Rodriguez v. State, 819 S.W.2d 871, 873 (Tex.Crim.App. 1991); Kimberlin v. State, 877 S.W.2d 828, 831 (Tex.App.-Fort Worth 1994, pet. ref'd) (child victim's outcry statement alone can be sufficient to sustain a conviction for aggravated sexual assault). Accordingly, the evidence is legally sufficient to support appellants conviction for aggravated sexual assault. Tran, 221 S.W.3d at 88; Grays v. State, No. 14-07-00742-CR, 2008 WL 2746078, *3 (Tex.App.Houston [14[th] Dist.] July 15, 2008, pet. refd) (mem. op., not designated for publication).
Appellant next contends several witnesses living in the residence at the time of the alleged assaults testified to the presence of several people during the time of the assaults, casting doubt on V.W.'s testimony. Several members of appellant's family and a former girlfriend testified there was never an occasion for appellant to be left alone with V.W. The jury also was presented with some possibly inconsistent testimony from V.W. and other relatives concerning the details of the alleged sexual assaults, and testimony that the assaults took place variously at the apartment where appellant lived with his girlfriend and at the grandmother's home. Appellant argues this testimony renders the evidence insufficient. 
Appellant also challenges the evidence supporting the contention that he penetrated V.W.'s vagina with his finger. He points to V.W.s prior statements that indicated appellant only touched her. Appellant's mother testified V.W. told her appellant touched her breasts and put his hands in her panties but did not penetrate her. A private practice doctor in Lubbock testified of her assessment of V.W., conducted in February 2008, in which V.W. described her allegations against appellant specifically and provided examples of the abuse. V.W. never told the doctor appellant penetrated her vagina with his fingers. However, V.W. did testify in detail at trial as to appellants penetration of her vagina with his finger.
The jury was free to believe or disbelieve any portion of the testimony and, as evinced by the verdicts, chose to believe the version of the events expressed by V.W. at trial. See Cain v. State, 958 S.W.2d 404, 408-09 (Tex.Crim.App. 1997). See also Sharp v. State, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986) (the trier of fact may believe witness even though his testimony is contradicted); Reed v. State, 991 S.W.2d 354, 360 (Tex.App. -- Corpus Christi 1999, pet. ref'd) (noting conflicts between victim's trial testimony and prior statements are matters for the jury to reconcile). The jury heard and considered the potential inconsistencies in the testimony and determined that appellant was guilty of one count of aggravated sexual assault and one count of indecency with a child. Considering all of the evidence in the case, and deferring to the jury's role as the sole judge of the weight and credibility given to witness testimony, we cannot conclude that the perceived inconsistencies in the testimony make the jury's findings irrational. We overrule appellants second issue.
Appellants Motion for Mistrial
In appellants last issue, he argues the trial court erred in denying his motion for mistrial. He argues the State improperly referenced community sentiments and expectations regarding appellant in its closing statement on punishment and these statements improperly influenced the jury in such a way that the courts instruction to disregard could not cure it. We find no merit to the contention, and overrule it.
In its closing punishment argument, the State asked the jury to sentence appellant to life in prison. After pointing out that appellant began his abusive acts against his daughter just after his release from prison and arguing that appellant's family members failed to protect her from his conduct, the State further argued, There is only one way to make sure that our community is protected from a man like that. Appellant objected to the statement as an improper reference to community sentiments and expectations. The trial court sustained the objection. Appellant asked the court to instruct the jury to disregard the argument and the court did so. Appellant moved for a mistrial. The court denied his request. 
The denial of a motion for mistrial is reviewed under the standard of abuse of discretion. Webb v. State, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007); Lusk v. State, 82 S.W.3d 57, 60 (Tex.App.Amarillo 2002, pet. refd), citing Trevino v. State, 991 S.W.2d 849, 851 (Tex.Crim.App. 1999). A trial court does not abuse its discretion when its decision is at least within the zone of reasonable disagreement. Wead v. State, 129 S.W.3d 126, 129 (Tex.Crim.App. 2004); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on rehg). 
An instruction by the trial court to disregard improper statements will usually cure error. Phillips v. State, 130 S.W.3d 343 (Tex.App.Houston [14[th] Dist.] 2004), affd 193 S.W.3d 904 (Tex.Crim.App. 2006), citing Campos v. State, 589 S.W.2d 424, 428 (Tex.Crim.App. 1979). When the trial court instructs a jury to disregard, we presume the jury follows the trial courts instructions. Waldo v. State, 746 S.W.2d 750, 752-53 (Tex.Crim.App. 1988). However, if the error is extremely prejudicial and cannot be withdrawn from the jurors minds, the trial court should declare a mistrial. Lusk, 82 S.W.3d at 60. Accordingly, a mistrial is appropriate only when the event is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. Id. at 60.
To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement. Jackson v. State, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000). It is improper for a prosecutor, during closing argument, to attempt to induce the jury to give a specific punishment to a defendant because the community desires or expects a certain punishment. See Borjan v. State, 787 S.W.2d 53, 56 (Tex.Crim.App. 1990). A prosecutor does not necessarily make an improper appeal to the community's desires just by referring to the community during argument. Rivera v. State, 82 S.W.3d 64, 69 (Tex.App.San Antonio 2002, pet. ref'd); York v. State, 258 S.W.3d 712, 719 (Tex.App. Waco 2008, pet. refd).
If the trial court erred in its ruling on appellant's objection, it erred on the side of caution and in appellant's favor. The prosecutor's statement did not ask the jury to assess a punishment that the community would desire or expect. It constituted argument drawn from the evidence and a proper plea for law enforcement. See, e.g., Bell v. State, 724 S.W.2d 780, 801-02 (Tex.Crim.App. 1986) (comment urging jury to remember and think about how [friends and neighbors] will ask you at the end of case when it's all over did not assert or imply that the community demands or expects a conviction); Hawkins v. State, 278 S.W.3d 396, 405 (Tex.App.Eastland 2008, no pet.) citing Cortez v. State, 683 S.W.2d 419, 421 (Tex.Crim.App.1984) (argument is proper plea for law enforcement if it asks the jury to be the voice of the community, instead of asking it to lend its ear to the community); Burrell v. State, 860 S.W.2d 588, 589 (Tex.App.El Paso 1993, no pet.) (proper for the State to argue that the jury will speak for the community and that the jury may protect the community in assessing a long sentence). If the argument was improper, its harm was cured by the court's instruction. Accordingly, the trial court correctly denied appellants request for a mistrial. 
Having overruled each of appellants three issues, we affirm the judgment of the trial court.
James T. Campbell
Justice
Do not publish.